United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 02, 2021
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| AMERICA AIDA AVILA, | § | CASE NO. 21-33254-H4-13 |
| | § | |
| | § | |
| DEBTOR(S). | § | CHAPTER 13 |

### AGREED ORDER CONDITIONING EXTENSION OF AUTOMATIC STAY AND GRANTING IN REM RELIEF AGAINST PROPERTY [relates to Dkt. Nos. 6 and 16]

Came on for hearing on October 26, 2021 Debtor's Motion For Continuation of Stay [Docket No. 6] (the "Motion"). Texas Specialty Homes, LP ("Creditor") filed and Objection [Docket No. 15] and an Emergency Motion to Lift Stay under 11 USC section 362(d)(4) [Docket No 16] (the "Emergency Motion"). At the hearing conducted on the Motion, after hearing the arguments of counsel, the terms of an agreement were discussed, which are set forth herein to resolve the Motion and the Emergency Motion. Debtor and Creditor stipulate and agree as follows:

1.  Creditor is the owner and holder of a claim against the Debtor, in the amount of $207,920.42 as of the bankruptcy filing date, secured by a deed of trust lien on real property located at 14818 El Tesoro Drive, Houston, Texas 77083 (the "Property"), as more fully set forth in the Proof of Claim filed by Creditor.

2.  This is the fourth bankruptcy case filed by Debtor pending in this District since March, 2020. Each of the previous bankruptcy filings were unsuccessful and resulted in either dismissal or striking of the bankruptcy petition for lack of credit counseling.

3.  Each of the bankruptcy filings stayed Creditor's collection efforts on the Property. Based on the agreement of the parties, it is hereby

ORDERED, ADJUDGED and DECREED that the Automatic Stay shall be extended and

1

shall remain in effect as to Creditor conditioned upon the Debtor's full, complete and timely compliance with all of the terms and conditions of this Agreed Order; it is further

ORDERED, ADJUDGED and DECREED that Debtor shall fully, completely and timely pay all required Chapter 13 plan payments to the Chapter 13 Trustee, which includes payments to Creditor as set forth in this Order and timely and fully comply with all other duties imposed upon a Debtor under the Bankruptcy Code and the Local Rules of the Southern District of Texas, with a 5 day grace period to allow the ch. 13 trustee to post wage order payments; it is further

ORDERED, ADJUDGED and DECREED that Debtor shall amend her Chapter 13 Plan on or before November 10, 2021, to provide (a) for payment of Creditor as a total debt claim in the amount of $207,920.42, as of the bankruptcy filing date, plus interest to be calculated at the rate of 11.99%; plus (b) attorney's fees and expenses incurred by Creditor in litigating the Motion and filing the Emergency Motion, which will be filed as a Notice of Postpetition Fees and Expenses, on or before November 5, 2021; and (c) for a reserve set for payment of real estate taxes and insurance on the Property, which includes payment in full of the current State Farm insurance premium of $4,023 on or before November 26, 2021 and real estate taxes for 2021 to be paid either in full on or before January 31, 2021 or including in the amended Plan; (d) for full payment of Creditor's fully secured claim under 11 USC section 506(b) to be made in equal monthly installments over a 60 month plan period, with the first payment to be made to Creditor in November, 2021; it is further

ORDERED ADJUDGED AND DECREED that it shall constitute an event of default if the Debtor fails to fully, completely and timely comply with each and every term and condition of this Agreed Order or the case is converted to chapter 7 or insurance is not maintained by Debtor on the Property in the amounts and types required by Creditor's loan documents, showing Creditor as loss payee/additional insured. Upon an event of default, Debtor shall have ten (10) days from the mailing

of a letter by Creditor to Debtor and Debtor's attorney by U.S. First Class Mail and by Certified Mail, Return Receipt Requested, to cure such Default. If Debtor fails to cure such Default within ten (10) days after the mailing of a letter informing of such Default, the Automatic Stay, and codebtor stay, against Debtor, any co-debtor and the bankruptcy estate, shall terminate in their entirety as to Creditor upon the filing of a Certificate of Non-Compliance without further action by this Court and Creditor may exercise its rights upon the Property under its Deed of Trust and state law, including but not limited to, taking all actions to foreclose upon the Property and to obtain possession of the Property; it is further

ORDERED ADJUDGED AND DECREED that upon dismissal of this bankruptcy case, the automatic and codebtor stay shall be terminated "in rem" as to the Property for a period of time not to exceed 2 years to allow Creditor to exercise its rights upon the Property under its Deed of Trust and state law, including but not limited to, taking all actions to foreclose upon the Property and to obtain possession of the Property, in any subsequently filed bankruptcy case by Debtor, any codebtor, the Property to the extent it is deemed to be property of the bankruptcy estate, or any case relating to the Property; it is further

ORDERED, ADJUDGED AND DECREED that there shall be a maximum of three (3) default notice sent to Debtor for failure to comply with all the terms and provisions of this Order. If a default occurs after the third notice, the automatic stay and codebtor stay shall lift in its entirety as to Creditor against Debtor, any co-debtor, the bankruptcy estate and the Property, upon the filing of a Certificate of Non-Compliance by Creditor with the Court, and Creditor may exercise its rights upon the Property under the loan documents and state law, including but not limited to, taking all actions to foreclose upon the Property and to obtain possession of the Property.

ORDERED ADJUDGED AND DECREED that the terms of this Agreed Order shall be

incorporated into any Chapter 13 Plan proposed by the Debtor; and it is further

ORDERED, ADJUDGED AND DECREED that the terms of this Order shall govern the relationship between Creditor and Debtor and any other Order extending stay as to all creditors entered by the Court shall NOT govern Creditor in this case.

Signed: November 02, 2021

Christopher Lopez
United States Bankruptcy Judge

AGREED AS TO FORM
AND SUBSTANCE:

Preston T. Towber
The Towber Law Firm PLLC.
State Bar No. 20152600; Fed. I.D. No. 8217
1111 Heights Blvd
Houston, Texas 77008
Telephone: (832) 485-3555
Fax: (832) 626-3953
preston@towberlaw.com
ATTORNEYS FOR Texas Specialty Homes, LP

Andrew B. Nichols
Texas Bar No. 14993220
Andrew Nichols & Associates, PLLC
7920 Belt Line Rd., Suite 650
Dallas, Texas 75254
Telephone: 214-999-1313
Fax: 214-853-5889
ATTORNEYS FOR DEBTOR

4